IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL R. MARTIN, #340-878 | : | |
| Plaintiff | : | |
| v. | : | Civil Action No.  AW-07-942 |
| KATHLEEN GREEN, Warden, et al. | : | |
| Defendants | : | |

. . . . . . .o0o. . . . . . .

**MEMORANDUM**

This is a pro se 42 U.S.C. §1983 complaint filed by Daniel R. Martin, who at the time of filing was a state inmate at the Eastern Correctional Institution ("ECI").  Martin brings this action against correctional staff for purposely and maliciously "trash[ing] incoming mail or giv[ing] it to the wrong inmate." Complaint.  He further alleges this "tampering" is interfering with actions he has pending in unspecified courts for malicious prosecution and false imprisonment. Martin alleges that he has filed several administrative relief requests and has neither received a reply nor redress. Martin claims that on April 24, 2007, correctional officers Tiller, Waters, and Cope deprived him of legal mail sent from the Public Defender's Office.[1]  Martin also complains that the officers took his incoming legal mail envelopes and use mail as punishment.  Additionally, Martin contends that Warden Green is liable in a supervisory capacity because she does not hold correctional officers accountable.[2]  Martin seeks injunctive relief, damages, and a declaratory judgment.[3]

---

[1] Service has not been obtained for C.O II Tiller, C.O. II Waters, C.O. II Cope, and C.O. II DeVincent.  For the reasons stated herein, the claims against them are dismissed sua sponte pursuant to 28 U.S.C. § 1915A.

[2] There is no vicarious supervisory liability in §1983 proceedings.  *See Monell v. New York Department of Social Services,* 436 U.S. 658, 691 (1978).  Martin's conclusory assertion that Warden Green is liable because she has not held corrections officers accountable for their alleged misconduct is unsupported and unavailing. Similarly, Martin fails to allege any

Counsel for defendants Warden Kathleen Green, Judy Chatham, Captain Christina Tyler, and Barbara Hitchens has filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment.[4]  Defendants rely on materials beyond the scope of the complaint, and the motion shall be construed as one for summary judgment pursuant to Fed R. Civ. P. 56.  Upon review of the pleadings, exhibits and applicable law, the Court finds a hearing unnecessary. *See* Local Rule 105.6. The Court will grant Defendants' Motion for Summary Judgment by separate order.

**Standard of Review**

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  This does not mean that any factual dispute will defeat the motion.

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d

---

cognizable cause of action against Captain Tyler. The claims against the two supervisors will be dismissed.

[3] Martin's mandatory release on June 7, 2007, mooted his request for injunctive and declaratory relief. *See e.g., Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (inmate's transfer to another facility mooted claims for declaratory and injunctive relief).

[4]  Martin was mailed notice at his most recent address pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), but has not filed a reply.

514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Factual Background**

Martin entered Maryland Division of Correction custody on January 17, 2007. On February 1, 2007, Martin transferred to ECI where he remained until his mandatory release on June 7, 2007. On April 3, 2007, Martin filed an Administrative Remedy Procedure request ("ARP") which included an allegation of mail tampering. The ARP was administratively dismissed for addressing multiple issues. Martin was instructed to resubmit the ARP, but he failed to do so. Martin did not file another ARP alleging mail tampering.

**Analysis**

Martin's first ARP was improperly submitted. Def. Ex. 2 & 3. There is no record that Martin made any attempt to file a second, properly completed ARP to present his legal mail concerns. Def. Ex. 3. As such, Martin has failed to exhaust his administrative remedies, and his claims will be dismissed. See *Porter v. Nussle*, 534 U.S.516, 525 (2002); *see also Woodford v. Ngo*, 2006 WL 1698937 (2006) (exhaustion of administrative remedies is mandatory and must be proper).

Moreover, in order to state a claim for denial of access to the courts based on an alleged interference with legal mail, an inmate must demonstrate some actual harm or prejudice to his ability

to communicate with the court or with counsel. *See Lewis v. Casey,* 518 U.S. 343 (1996); *see also White v. White,* 886 F.2d 721, 724) (holding that to state a claim based on delay or non-delivery of legal mail, an inmate must allege that he suffered actual adverse consequences as a result of the delay or that the non-delivery deprived him of meaningful access to the courts). Martin's claims that Defendants intentionally destroyed or improperly delivered mail are bald and conclusory. Even if the Court were to assume Martin's allegations as true, he fails to allege actual harm,[5] in that he does not specify whether the actions about which he complains caused him to miss court dates or deadlines, impeded his ability to pursue litigation, or interfered with his ability to communicate with the court.[6] Martin also fails to allege that Defendants' claimed actions thwarted his efforts to raise or participate in his defense. Absent allegation of specific, actual adverse consequences, Martin has failed to state a claim for denial of access the courts.[7] Martin demonstrates no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law.

## Conclusion

The Court will grant summary judgment in favor of Defendants Green, Catham, Tyler and Hitchens. Martin's claims against C.O II Tiller, C.O. II Waters, C.O. II Cope, and C.O. II

---

[5] Allegations that a state actor has negligently or intentionally destroyed, lost, or interfered with legal mail or other personal property does not state a procedural due process claim where effective state remedies are available. *See Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)).

[6] Martin filed three other civil actions in this court during his incarceration at ECI. *See Martin v. Owolabi*, et al. Civil Action No. AW-07-805; *Martin v. Egube*, Civil Action No. AW-07-829; *Martin v. Owens, et al.* Civil Action No. AW-07-828.

[7] In regard to Martin's claim that legal envelopes were withheld, ECI policy prohibits providing incoming legal mail envelopes to inmates for security reasons. Def. Ex. 4 & 5. The rationale for this policy is that inmates have re-used legal mail envelopes to disguise contraband trafficking in prisons. *See Turney v. Safley*, 428 U.S. 78 (1987); *Altizer v. Deeds*, 191 F.3d 540, 547 (1999). In this case, withholding envelopes was reasonably related to legitimate penological interests in preventing contraband in the facility.

DeVincent will be dismissed sua sponte for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A.

                                                         /s/
                                      Alexander Williams, Jr.
                                      United States District Judge